**Ernestine Rapp, Appellee, v. William Rapp, Appellant.**

## Gen. No. 20,986.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Suit for divorce by Ernestine Rapp against William Rapp on the ground of adultery. The cause was tried to a jury, and the court instructed the jury to find the issues for the complainant, and on the verdict so directed entered the decree, whereupon the defendant appeals.

BEN M. SMITH and LEE J. FRANK, for appellant.

STEIN, MAYER & STEIN, for appellee; ELIAS MAYER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 76*—*what record must show.* An objection that the trial court erred in denying a motion for a continuance cannot be reviewed where the affidavit for continuance is not made a part of the record by the certificate of the judge who heard the cause, and the fact that such affidavit is copied into the transcript by the clerk does not make it part of the record.

2. DIVORCE, § 23*—*when residence shown.* In a suit for divorce, where the testimony of the complainant, her children and members of her household shows residence in this State for some time before the filing of the bill, and the defendant introduces no evidence of any tangible fact tending to show that complainant was not an actual and bona fide resident, the jury are properly instructed that complainant was a resident of the State.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. Divorce, § 46*—*when question of adultery need not be sub-mitted to jury.* In a suit for divorce where the evidence of adultery of the defendant is clear and convincing, and uncontroverted, the question need not be submitted to the jury.

4. Divorce, § 42*—*what evidence inadmissible to show adultery.* In a suit for divorce where the defendant alleged adultery of the complainant, evidence of incontinence with another person occurring twenty years before the adultery charged would not tend to prove such allegation and is properly excluded.

5. Divorce, § 42*—*when circumstantial evidence of adultery admissible.* Circumstantial evidence of adultery must be sufficiently significant in character and sufficiently near in point of time to lead the guarded discretion of a reasonable man to a belief in a material element and the fact to be proved, and if too remote or insignificant it will be rejected.